UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN TARVIS TIMS,

    Petitioner,

v.                                      Case No. 8:10-cv-2753-T-23MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Tims petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and challenges his 188-month career offender sentence imposed in United States v. Tims, 8:97-cr-60-T-23TBM. Tims previously challenged his sentence in a motion to vacate pursuant to 28 U.S.C. § 2255, United States v. Tims, 8:08-cv-2122-T-23TBM, which challenge was time-barred.

Tims cannot pursue a second or successive motion to vacate unless he first obtains the circuit court's permission. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). The preclusion barring a second or successive motion applies to this Section 2241 petition even though the earlier case was a Section 2255 motion to vacate. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (a defendant cannot "use § 2241 simply to escape the restrictions on second or successive § 2255

motions."). Tims fails to show that he has obtained permission from the circuit court to file a second or successive motion to vacate.

Tims argues that recent cases support a challenge to his career offender sentence. A petitioner may obtain permission to file a second or successive motion to vacate if the new motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Also, Tims will have a new one-year limitation to file a motion to vacate if the Supreme Court retroactively applies the new rule, but, as stated above, Tims must obtain the required permission from the circuit court.

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED**. The clerk shall enter a judgment against Tims and close this action.

ORDERED in Tampa, Florida, on January 14, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE